**In re GRAND JURY SUBPOENA.**

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**UNDER SEAL, Defendant–Appellant.**

No. 89–5532.

United States Court of Appeals,
Fourth Circuit.

Argued June 9, 1989.

Decided Aug. 29, 1989.

James B. McIntyre (Gary A. Collias, McIntyre, Haviland & Jordan, on brief), Charleston, W.Va., for defendant-appellant.

John P. Rowley, III, Asst. U.S. Atty., Fairfax, Va. (Michael W. Carey, U.S. Atty., Nancy C. Hill, Asst. U.S. Atty., on brief), for plaintiff-appellee.

Before WIDENER, Circuit Judge, MICHAEL, District Judge, for the Western District of Virginia, and HOFFMAN, Senior District Judge, for the Eastern District of Virginia, sitting by designation.

WALTER E. HOFFMAN, Senior District Judge:

This appeal involves a grand jury subpoena issued to an individual attorney who is given the name "John Doe" for the purposes of confidentiality. The United States District Court for the Southern District of West Virginia issued an order compelling Doe to testify as to certain communications he had with a client. The client, who will be referred to as the "intervenor," was granted leave to intervene to protect communications within the attorney-client privilege. The court found that the attorney-client privilege did not protect certain communications between Doe and the intervenor because the crime-fraud exception applied. The intervenor, as holder of the privilege, appeals the district court's findings and order compelling Doe to testify. We affirm.

## I.

On December 14, 1988, John Doe was subpoenaed to testify before a grand jury in the Southern District of West Virginia. On December 13, 1988, Doe, by counsel, filed a motion to quash the subpoena. That same day, the court held an *in camera* hearing on the merits of the motion to quash. The court excused Doe and his counsel from the hearing while the government made its proffer regarding the need for Doe's testimony before the grand jury. The court found that the government had shown a good faith basis for the subpoena and, therefore, denied Doe's motion to quash.

Doe appeared before the grand jury on December 14, 1988. In response to certain questions by the government, Doe refused to answer, invoking his privilege against self-incrimination, the attorney-client privilege, or both. The government moved the court to compel Doe to testify, asserting that the information was not privileged because it fell within the crime-fraud exception to the attorney-client privilege. At this point the court granted the intervenor, who was the holder of the attorney-client privilege, his motion to intervene. The court withheld ruling on the applicability of the crime-fraud exception pending a determination by the government of whether it first wished to overcome Doe's privilege against self-incrimination by granting use-immunity under 18 U.S.C. § 6003(b).

On January 19, 1989, the government moved the court to grant Doe use-immunity, and the court granted the motion. Doe informed the court that despite the grant of immunity, he intended to invoke the attorney-client privilege and refuse to answer any grand jury questions. The government renewed its motion to compel Doe to testify, contending that the information sought was within the crime-fraud exception to the attorney-client privilege. The court convened the parties *in camera* on January 20, 1989. The court excused Doe, his counsel, and counsel for the intervenor from the hearing to receive the government's proffer of evidence on the crime-fraud exception. The government's proffer was made *in camera* because the evidence concerned matters subject to an ongoing investigation before the grand jury. After hearing the evidence, the court took the matter under consideration.

On January 23, 1989, the court granted the government's motion to compel Doe's testimony. The court made the following findings:

The [c]ourt found that the United States has established, by competent and substantial evidence, a prima facie case that Doe was used by the intervenor to further a criminal scheme with respect to the cash sum of $10,000. Further, the testimony sought is highly relevant to the ongoing investigation before the grand jury. Consequently, the crime-fraud exception applies in that the attorney-client privilege cannot be used as a shield by Doe to avoid testifying as to any act, communication, document or other matter concerning the $10,000 cash sum.

## II.

The intervenor contends that the district court's order should be reversed for two reasons. First, the intervenor argues that the court's *in camera* review of the government's evidence of the applicability of the crime-fraud exception was a denial of due process. Second, the intervenor contends that the government did not meet its burden of proof, by "competent evidence," in showing that the crime-fraud exception applied.

A. Whether The Court's *In Camera* Review Of The Evidence Was A Denial Of The Intervenor's Due Process Rights?

▪ The intervenor contends that the court's *in camera* review of evidence was a denial of due process because it did not give him an opportunity to challenge the validity of the evidence. The intervenor concedes that the government has a legitimate interest in the secrecy of grand jury material, but maintains that the court should have permitted counsel for the intervenor to challenge the evidence. The intervenor relies on *In re Taylor*, 567 F.2d 1183 (2d Cir.1977).

In *Taylor*, the Second Circuit found the district court's *in camera* review of grand jury minutes and an affidavit improper. *Id.* at 1187–89. The court set forth a balancing test, weighing the government's interests in secrecy against the private interests affected by the court's *in camera* proceedings. *Id.* at 1188. The court found, under the facts of that case, that the private interests outweighed the government's interest in secrecy of the grand jury materials. The court reasoned that the government's interests in secrecy were minimal because the government intended to disclose all of the relevant materials to the appellant-witness during the questioning at his grand jury appearance. *Id.* at 1189. The intervenor contends that the *Taylor* holding should control in this case. We disagree.

First, we note that this Circuit has addressed the issue of whether *in camera* proceedings result in a denial of due process. In *In re Grand Jury Proceedings*, 674 F.2d 309 (4th Cir.1982), this Court reviewed a district court's *in camera* examination of evidence supporting applicability of the crime-fraud exception. We expressly held that the district court's procedures were not violative of due process. *Id.* at 310.

In addition, the Second Circuit in *In re John Doe Corp.*, 675 F.2d 482 (2d Cir.1982) limited *Taylor*'s holding. In *John Doe Corp.*, the court noted that in *Taylor* the government's interests in secrecy were minimal because the government intended to disclose the grand jury materials to the appellant-witness during questioning before the grand jury. *Id.* at 490. The court stated that in instances where the government did not intend to reveal the grand jury materials to the witness, *in camera* proceedings were appropriate to protect the government's interests in secrecy. *Id.* This holding is more on point than *Taylor* because under the present case, the government intends to maintain secrecy of the ongoing grand jury investigation.

Other circuits which have addressed this issue also have found *in camera* proceedings appropriate. *See In re Antitrust Grand Jury*, 805 F.2d 155, 168–69 (6th Cir.1986); *In re Grand Jury Proceedings*, 708 F.2d 1571, 1576 (11th Cir.1983); *In re Sealed Case*, 676 F.2d 793, 814 (D.C.Cir. 1982); *In re Berkley & Co., Inc.*, 629 F.2d 548, 553 (8th Cir.1980); *In re Grand Jury Proceedings*, 604 F.2d 798, 800 (3d Cir.

1979); *In re September 1975 Grand Jury Term,* 532 F.2d 734, 738 (10th Cir.1976); *cf. Kerr v. United States District Court,* 426 U.S. 394, 405–06, 96 S.Ct. 2119, 2125, 48 L.Ed.2d 725 (1976). Accordingly, we find that the district court's *in camera* proceedings did not result in a violation of the intervenor's due process rights.

## B. Whether The Government Established Applicability Of The Crime–Fraud Exception By "Competent Evidence"?

 The crime-fraud exception to the attorney-client privilege provides that a client's communications with an attorney will not be privileged if made for the purpose of committing or furthering a crime or fraud. *Clark v. United States,* 289 U.S. 1, 15, 53 S.Ct. 465, 469, 77 L.Ed. 993 (1933); *In re Grand Jury Proceedings,* 727 F.2d 1352, 1355 (4th Cir.1984). In order to overcome the privilege, the government must make a prima facie showing that the communications sought fall within the crime-fraud exception. *In re Grand Jury Proceedings,* 674 F.2d at 310. The district court's determination of whether the government satisfied this standard will not be reversed absent a clear showing of abuse of discretion. *In re Grand Jury Investigation,* 842 F.2d 1223, 1226 (11th Cir.1987); *In re Sealed Case,* 754 F.2d 395, 399–400 (D.C.Cir.1985); *United States v. Dyer,* 722 F.2d 174, 179 (5th Cir.1983).

 The intervenor asserts that the district court may rely on only "competent evidence" in determining whether the government has made a prima facie case. *Dyer,* 722 F.2d at 178. The intervenor defines "competent evidence" as evidence that would be admissible at trial and not

objectionable for any reason. Although the intervenor was not permitted to hear the evidence presented to the district court, he speculates that a government agent testified, and that the agent probably provided hearsay evidence to the court. The intervenor maintains that the district court should be reversed if it relied on evidence not admissible at a trial. We disagree.

This Court and others, when reviewing whether the crime-fraud exception applies, have permitted district courts to rely on evidence not ordinarily admissible at trial. *See, e.g., In re Grand Jury Proceedings,* 674 F.2d at 310 (court relied on summarized grand jury testimony prepared by IRS agent); *In re Grand Jury Proceedings,* 867 F.2d 539, 541 (9th Cir.1989) (court reviewed grand jury materials); *In re Grand Jury Proceedings,* 842 F.2d 1223, 1226, 1228 (11th Cir.1987) (good faith statement of prosecutor summarizing evidence presented to grand jury was sufficient); *In re Grand Jury Proceedings,* 722 F.2d 303, 305 (6th Cir.1983) (affidavit was submitted to court), *cert. denied sub. nom. Doe v. United States,* 467 U.S. 1246, 104 S.Ct. 3524, 82 L.Ed.2d 831 (1984); *In re Grand Jury Proceedings,* 723 F.2d 1461, 1467 (10th Cir.1983) (court may review documentary evidence or prosecutor's good faith statement of testimony received by grand jury).

Furthermore, the Federal Rules of Evidence provide that preliminary questions, such as the determination of whether a privilege applies, are reserved for the trial judge, and that the judge is not bound by the rules of evidence. *See* Fed.R.Evid. 104(a), 1101(d).[1] The district court, therefore, was not restricted to considering only evidence that would be admissible at trial.

---

**1.** Rule 104(a) provides the following:

Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). In making its determination it is not bound by the rules of evidence except those with respect to privileges.

Rule 1101(d) provides the following:

The rules (other than with respect to privileges) do not apply in the following situations:

(1) The determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under rule 104.

(2) Proceedings before grand juries.

(3) Proceedings for extradition or rendition; preliminary examinations in criminal cases; sentencing, or granting or revoking probation; issuance of warrants for arrest, criminal summonses, and search warrants; and proceedings with respect to release on bail or otherwise.

### III.

We have reviewed the evidence presented to the district court and hold that the evidence was properly before the court. We further hold that the court did not abuse its discretion in finding the government made a prima facie showing that the crime-fraud exception was applicable. The district court's order compelling Doe to testify before the grand jury, therefore, is

AFFIRMED.