**ON REHEARING**
**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 01-4836**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM M. BRYSON, JR.,

Defendant - Appellant.

---

**No. 04-6010**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM M. BRYSON, JR.,

Defendant - Appellant.

---

Appeals from the United States District Court for the District of South Carolina, at Anderson.   Henry M. Herlong, Jr., District Judge.  (CR-01-240; CR-01-712)

---

Submitted:  October 1, 2004        Decided:  November 30, 2004

---

Before LUTTIG, GREGORY, and SHEDD, Circuit Judges.

———————————

No. 01-4836, affirmed in part, vacated and remanded in part; No. 04-6010, dismissed by unpublished per curiam opinion.

———————————

Michael A. MacKinnon, Greenville, South Carolina, for Appellant. Mark C. Moore, Assistant United States Attorney, Columbia, South Carolina; Regan Alexandra Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following a jury trial, William M. Bryson, Jr., was convicted of numerous charges arising out of a scheme to defraud Ethel Swink out of money and properties. These charges include conspiracy, 18 U.S.C. § 371 (2000), mail fraud, 18 U.S.C.A. § 1341 (West Supp. 2004), making false statements, 18 U.S.C. § 1001 (2000), money laundering, 18 U.S.C.A. §§ 1956, 1957 (West 2000 & Supp. 2004), and conspiracy to launder money in violation of 18 U.S.C.A. § 1956(h) (West Supp. 2004). He was also convicted of threatening to assault a federal official, 18 U.S.C.A. § 115 (West 2000 & Supp. 2004), and mailing a threatening communication, 18 U.S.C.A. § 876 (West Supp. 2004). The district court sentenced Bryson to 188 months imprisonment, followed by five years of supervised release. The court also imposed a $6300 special assessment, ordered restitution in the amount of $1,348,491, and provided for forfeiture of Bryson's interest in property in the amount of $800,000, as directed in the preliminary order of forfeiture.

Bryson noted these two appeals from the judgment. The second notice of appeal (No. 04-6010) was filed on December 29, 2003, seeking review of his sentence. A notice of appeal in a criminal case must be filed within ten days of the entry of judgment. Upon a finding of excusable neglect or good cause, the district court may extend the time to file a notice of appeal for

a period not to exceed thirty days. Fed. R. App. P. 4(b)(4). These time limits are mandatory and jurisdictional. United States v. Raynor, 939 F.2d 191, 197 (4th Cir. 1991); United States v. Schuchardt, 685 F.2d 901, 902 (4th Cir. 1982). Because Bryson's second notice of appeal from his judgment and commitment order was filed well beyond both the appeal period and the time in which the district court could have granted an extension, this court is without jurisdiction over this appeal. Accordingly, appeal No. 04-6010 is dismissed.

In appeal No. 01-4836, Bryson's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), representing that, in his view, there are no meritorious issues for appeal, but asserting that Bryson was denied timely access to some discovery materials and that the district court may have erred in admitting into evidence a statement made by Bryson. Bryson has filed a pro se supplemental brief raising a plethora of issues. After a thorough and painstaking review of this voluminous record, we have identified an error in the determination of the forfeiture amount with respect to district court case No. 01-712, and vacate in part and remand with instructions to conform the judgment to the evidence. In all other respects, Bryson's convictions and sentences are affirmed.

We find no merit to Bryson's claims that his Fourth Amendment rights were violated during the search of his residence

- 4 -

and the seizure of his records. See United States v. Sprinkle, 106 F.3d 613, 616-17 (4th Cir. 1997) (providing standard). We also find no merit to Bryson's assignments of error with respect to the order directing a psychiatric examination and his claim that he was denied a speedy trial. See 18 U.S.C. § 3161(h)(1)(A) (2000) (excluding any delay "resulting from any proceeding, including examinations, to determine the mental competency or physical capacity of the defendant"); see United States v. West, 877 F.2d 281, 285 n.1 (4th Cir. 1989).

We have reviewed Bryson's numerous challenges to the sufficiency of the indictment and the sufficiency of the evidence and find no error. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Wicks, 187 F.3d 426, 427 (4th Cir. 1999); United States v. Williams, 152 F.3d 294, 298 (4th Cir. 1998).

Contrary to Bryson's contention that he was forced to proceed pro se during his trial, we find that the court appropriately advised Bryson of the dangers of self-representation and conducted an adequate inquiry to assure that his waiver of counsel was: (1) clear and unequivocal; (2) knowing, intelligent, and voluntary; and (3) timely. We conclude that the district court appropriately allowed Bryson to proceed pro se. See Faretta v. California, 422 U.S. 806, 835 (1975); United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000). Additionally, the court required Bryson to proceed with hybrid representation—appointing a

lawyer to serve as Bryson's standby counsel.  Such a decision was within the district court's discretion.  <u>McKaskle v. Wiggins</u>, 465 U.S. 168, 176 (1984).

Counsel asserted that Bryson was denied access to some of the discovery materials in sufficient time to prepare for trial. <u>See</u> Fed. R. Crim. P. 16(a)(1)(E).  While Bryson did not receive records in one of the eleven boxes of documents and records in a timely manner, once the oversight was discovered, the government made every effort to assure that Bryson had sufficient time and opportunity to review these records.  We find no abuse of discretion by the district court in allowing the use of these records, given that Bryson was provided access to them and he asserts no prejudice from the delayed access.  <u>See</u> <u>United States v. Beras</u>, 183 F.3d 22, 27 (1st Cir. 1999); <u>United States v. Ford</u>, 986 F.2d 57, 59 (4th Cir. 1993).

The other issue raised by counsel in the <u>Anders</u> brief is that the district court erred in allowing the jury to hear evidence that, shortly after the Oklahoma City bombing incident, Bryson remarked to Ethel Swink's nephew that he, Bryson, would be capable of such a thing.  The government asserted that the evidence was relevant to present a chronology and an explanation for the origin of the proceedings that led to the discovery of Bryson's misdeeds with respect to Swink's assets.

Even if the evidence is relevant under Fed. R. Evid. 404(b), it must be more probative than prejudicial in order to be admissible. <u>See</u> Fed. R. Evid. 403. Here, we find that this evidence of Bryson's comment concerned a sensitive subject matter, made even more sensitive by the events of September 11, 2001. <u>See United States v. Tedder</u>, 801 F.2d 1437, 1444 (4th Cir. 1986) (citations omitted). However, in light of the overwhelming evidence of Bryson's guilt, we find that any error in the admission of this statement was harmless. <u>See</u> <u>United States v. Ince</u>, 21 F.3d 576 (4th Cir. 1994); <u>United States v. Grooms</u>, 2 F.3d 85, 89 (4th Cir. 1993).

Bryson asserts that the government's use of the testimony of three attorneys violates the attorney-client privilege. We find that the challenged communications either were not made within the attorney-client relationship or fell within the crime-fraud exception, and therefore admission of the evidence did not implicate the privilege. <u>See</u> <u>In re Grand Jury Subpoena</u>, 884 F.2d 124, 127 (4th Cir. 1989).

Next, contrary to Bryson's challenge, there was no violation of his Fifth Amendment privilege against self-incrimination by the use at trial of financial records and documents seized from Bryson's residence pursuant to the search warrant. <u>See</u> <u>Andresen v. Maryland</u>, 427 U.S. 463, 473 (1976)

(finding no violation of Fifth Amendment in the admission into evidence of business records seized from defendant's law office).

Additionally, we have reviewed the district court's rulings on all other evidentiary objections raised during Bryson's trial, and find no abuse of discretion. See United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988).

Bryson contends that the amount of the special verdict of forfeiture for his convictions pursuant to indictment No. 01-712 was not supported by the charges. We agree, and accordingly remand this case to the district court to conform the judgment to the evidence. The jury found that $340,000 was involved in or traceable to specific offenses for which Bryson was convicted in indictment No. 01-712. The counts to which the jury attributed and identified this sum all involved specific, uncontested dollar amounts. The sum of the funds involved in those counts is only $338,666.68. Additionally, the jury erroneously included two counts arising from the same transaction. Thus, we find that the preponderance of the evidence does not support the jury's $340,000 special verdict. See United States v. Cherry, 330 F.3d 658, 669-70 (4th Cir. 2003) (providing standard). Accordingly, we vacate the judgment as to the amount of the forfeiture with respect to indictment No. 01-712, and remand with instructions to the district court to conform the judgment to the evidence. The resulting forfeiture judgment should be reduced by the $1,333.32 difference

between the verdict amount and the sum of the amounts involved in the designated counts and also by the $40,000 that was erroneously double-counted, resulting in a special verdict of forfeiture for indictment No. 01-712 of $298,666.68.

Bryson next argues that the forfeiture order was not made part of the criminal judgment within seven days of sentencing and therefore is not valid. He asserts that the district court cannot modify a sentence more than seven days after the date of sentencing. See Fed. R. Crim. P. 35(a). Although Bryson's sentencing hearing occurred on May 23, 2002, the judgment and commitment order was entered on the docket on June 18, 2002, and specifically incorporated the preliminary forfeiture order, which was signed on June 10, 2002 and entered on June 18, 2002. Bryson is entitled to no relief on this claim.

Bryson also challenges the contents of the forfeiture order, asserting that he did not own the properties designated for forfeiture and that there was no showing that the properties were purchased with tainted funds. These contentions are meritless. The order provided for forfeiture of Bryson's interest in any substitute asserts pursuant to 21 U.S.C.A. § 853(p)(1), (2) (West Supp. 2004), and the court expressly provided that the United States was "entitled to forfeiture of equivalent substitute property [ ] in substitution for such property." See United States v. Moffitt, Zwerling & Kemler, P.C., 83 F.3d 660, 664 (4th

Cir. 1996); United States v. Hurley, 63 F.3d 1, 23-24 (1st Cir. 1995). Because the properties listed in the forfeiture order were designated as substitute assets, the government was not required to show that the specific seized assets were acquired with Swink's money or with tainted funds.

We have also reviewed the district court's calculation of Bryson's sentence under the U.S. Sentencing Guidelines Manual and Bryson's challenges to that sentence and find no reversible error. Accordingly, with the exception of the forfeiture order discussed above, we affirm Bryson's sentence.

Bryson contends that he was denied the effective assistance of counsel. We have previously determined that Bryson knowingly, intelligently, and voluntarily chose to waive counsel and proceed pro se. See Faretta, 422 U.S. at 835. Having chosen to proceed pro se, Bryson cannot now assert that he was denied the effective assistance of counsel. Id. at 834-35 n.46. Moreover, to the extent that Bryson was represented by counsel, because the record in this case does not conclusively establish that counsel was ineffective, such a challenge may be brought, if at all, in a proceeding under 28 U.S.C. § 2255 (2000). See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

In conclusion, we dismiss appeal No. 04-6010 for lack of jurisdiction. In appeal No. 01-4836, we affirm Bryson's

convictions and his sentence, except to the extent that we have determined that the forfeiture verdict in case No. 01-712 is not supported by the preponderance of the evidence. Accordingly, we vacate the judgment and commitment order in part and remand the case with instructions to the district court to conform the forfeiture verdict to the evidence. All pending motions are denied.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 01-4836, AFFIRMED IN PART,
VACATED AND REMANDED IN PART;
No. 04-6010, DISMISSED
