**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4816**

In Re:  GRAND JURY INVESTIGATION

--------------------------------

UNITED STATES OF AMERICA,

             Petitioner - Appellee,

      v.

UNDER SEAL,

             Movant – Appellant,

JOHN DOE A01-246,

             Respondent.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Gerald Bruce Lee, District Judge.  (1:08-mc-00003-1)

Argued:  September 23, 2009      Decided:  November 20, 2009

Before TRAXLER, Chief Judge, WILKINSON, Circuit Judge, and Margaret B. SEYMOUR, United States District Judge for the District of South Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Douglas S. Laird, POLSINELLI SHALTON FLANIGAN SUELTHAUS, PC, Kansas City, Missouri, for Appellant.  Gordon D. Kromberg,

OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee. **ON BRIEF:** Dana J. Boente, Acting United States Attorney, Steven P. Ward, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This is an appeal from the district court's order granting the Government's motion to compel compliance with a subpoena *duces tecum* issued by a grand jury in the Eastern District of Virginia. The district court granted the Government's motion to compel ruling that the Government had established a prima facie case that the crime-fraud exception to the attorney-client privilege applied and that the documents in question were not privileged. For the reasons set forth herein, we affirm.[1]

I.

The Corporation, a nonprofit, was incorporated in 1983. Counsel provided legal advice to the Corporation from 1983 to 2000.

In 1997, the president of the Corporation established another entity in the Isle of Man ("the Isle of Man Entity"). Two of the Corporation's three directors, one of which is the Corporation's president, were directors of a corporation also established in the Isle of Man ("the Isle of Man Corporation"),

---

[1] The documents and briefs in this case have been filed under seal to protect the secrecy of the ongoing grand jury investigation. We therefore refer to the parties by generic names to avoid the disclosure of their identities and do not reveal more facts than are necessary to our analysis.

which is the trustee of the Isle of Man Entity. Between 1997 and 2000, the Corporation transferred $22,523,478 of its assets to the Isle of Man Entity. In 2000, the Corporation dissolved after filing Articles of Termination and Articles of Dissolution with the proper state authorities.

Prior to the Corporation's dissolution and continuing thereafter, the Internal Revenue Service (IRS) conducted an audit of the Corporation. During the audit, the Corporation's president told the IRS that the transfers from the Corporation to the Isle of Man Entity were made pursuant to opinion letters from several law firms that these transfers were legal. One such letter, which was written by Counsel, was provided to the IRS. Counsel's letter stated that a qualified United States charitable corporation can legally make a grant to a charitable organization in another country so long as the funds are used for charitable purposes. The IRS audit of the Corporation concluded with a finding of "no issue raised."

In 2006, a grand jury convened in the Eastern District of Virginia to investigate the monetary transfers from the Corporation to the Isle of Man Entity. The grand jury issued subpoenas *duces tecum* to various entities, including the Corporation, seeking documents related to the transfers. When the Corporation failed to have a representative appear before

4

the grand jury, the court granted the Government's motion to hold the Corporation in contempt.

The grand jury then issued a subpoena *duces tecum* to Counsel requesting "any and all documents relating to [the Corporation]." Counsel produced some documents and withheld others on the ground that they were protected by the attorney-client privilege. The Government moved to compel the production of the withheld documents, arguing both that the attorney-client privilege does not protect the communications of dissolved corporations and that, if the attorney-client privilege does apply, the crime-fraud exception to the attorney-client privilege allows access to the withheld documents.

The district court granted the Government's motion to compel finding that the attorney-client privilege does not protect the communications of a dissolved corporation when there is no authorized officer available to validly assert the privilege. Counsel timely appealed this decision (No. 07-2024). In ruling on this initial appeal by Counsel, this court vacated the district court's decision and remanded the case, instructing the district court to consider the Government's argument that the crime-fraud exception to the attorney-client privilege applies to the withheld documents. See In re Grand Jury Subpoena #06-1, 274 F. App'x 306, 309 (4th Cir. 2008).

On remand, the Government argued that it had established the applicability of the crime-fraud exception to the withheld documents based on violations of both 26 U.S.C. § 7206(1) (1982) and 18 U.S.C. § 371 (1994). In addition, the Government argued that the Corporation had waived the attorney-client privilege with respect to the withheld documents.

The district court conducted an *in camera* hearing to examine the Government's *ex parte* submission of the grand jury's evidence against the Corporation and Counsel's privilege log. The privilege log details for each withheld communication, the type of document withheld and the date on which it was written.

Thereafter, the district court conducted a hearing on the applicability of the crime-fraud exception and held that the Government had made out a prima facie case for a violation of 26 U.S.C. § 7206(1).[2] The district court specifically found that the

---

[2] Section 7206(1) makes it a violation of the Internal Revenue Code for any person to "willfully make or subscribe any return, statement or other document which contains or is verified by written declaration that is made under penalties of perjury and which he does not believe to be true and correct as to every material matter." The elements of a prima facie case for a violation of § 7206(1) are: 1) a tax return was filed containing a written declaration, 2) the tax return was made under penalties of perjury, 3) the defendant did not believe the return to be true and correct as to every material matter; and 4) the defendant acted willfully. United States v. Aramony, 88 F.3d 1369, 1382 (4th Cir. 1996).

Corporation impermissibly represented that it had no relationship with the Isle of Man Entity "when in fact this was false." The court based this finding on the Corporation's response of "none" on line 22 of Form 990 of its tax returns, which required the Corporation to disclose a relationship with a donee if the donee was an individual. In addition, the district court found that the withheld documents bore a close relationship to the alleged violation of § 7206(1) because Counsel's advice was used to "cloak the Corporation's transfers to the Isle of Man Entity in legitimacy." The district court thus found that the crime-fraud exception vitiated the attorney-client privilege and again granted the Government's motion to compel. The district court incorporated its initial holding that the attorney-client privilege does not protect the communications of dissolved corporations into its decision for the purposes of appeal. The district court declined to address the Government's waiver arguments because they were outside of the scope of the court's mandate on remand. Counsel timely appealed.

## II.

This court has previously acknowledged that the invocation of a recognized privilege is grounds for refusing to comply with

a grand jury subpoena. See In re Grand Jury Proceedings # 5, 401 F.3d 247, 250 (4th Cir. 2005). The attorney-client privilege is one such recognized privilege that protects confidential communications between attorney and client. Id.

However, under the crime-fraud exception to the attorney-client privilege, "when a client gives information to an attorney for the purpose of committing or furthering a crime or fraud," the privilege is lost. United States v. Under Seal, 102 F.3d 748, 750-51 (4th Cir. 1996) (citing In re Grand Jury Subpoena, 884 F.2d 124, 127 (4th Cir. 1989)). For the crime-fraud exception to apply, "it is enough that the communication furthered, or was intended by the client to further . . . illegality." In re Grand Jury Proceedings # 5, 401 F.3d at 251. The burden is on the party asserting the crime-fraud exception, here the Government, to make a prima facie showing that the exception applies. Id.; see also In re Grand Jury Proceedings, 33 F.3d 342, 348 (4th Cir. 1994).

The invocation of the crime-fraud exception requires a prima facie showing that "(1) the client was engaged in or planning a criminal or fraudulent scheme when he sought the advice of counsel to further the scheme, and (2) the documents containing the privileged materials bear a close relationship to the client's existing or future scheme to commit a crime or

8

fraud." In re Grand Jury Proceedings # 5, 401 F.3d at 251 (citations omitted). A party invoking the crime-fraud exception can satisfy the first prong of this test by making a prima facie showing of evidence, which, if accepted by the trier of fact, establishes the elements of an ongoing or prospective violation of the law. Id. The second prong of this test is satisfied with a showing of a close relationship between the withheld communications and the alleged violation. Id. Once a sufficient showing has been made, the attorney-client privilege ceases to protect any of the communications related to the alleged violation. In re Grand Jury Subpoena, 419 F.3d 329, 345 (5th Cir. 2005) (citing In re Sealed Case, 676 F.2d 793, 812 n.74 (D.C. Cir. 1982)).

As this court described in its initial remand order, the district court could decide whether the crime-fraud exception applies in either of two ways. See In re Grand Jury Subpoena # 06-1, 274 F. App'x at 309. One approach permits the district court to examine the withheld documents in an *in camera* hearing after the Government makes a factual showing that would support a good faith belief by a reasonable person that an examination of the withheld documents would reveal evidence of a violation of the law. Id. at 310 (citations omitted). In the alternative, the district court could make a determination that the crime-

9

fraud exception applied without examining the withheld documents by conducting an *ex parte* and *in camera* examination of evidence from the Government. Id. This second alternative does not require that the Government make a threshold factual showing of the basis for the application of the crime-fraud exception. Id. In determining whether the crime-fraud exception applies, courts may rely on evidence not ordinarily admissible at trial. In re Grand Jury Subpoena, 884 F.2d at 127.

## III.

"A district court's determination that the government made a prima facie showing of crime or fraud should be upheld absent a clear showing of abuse of discretion." In re Grand Jury Proceedings #5, 401 F.3d at 254. In addition, we may affirm on any ground appearing in the record whether or not the district court relied on it. Scott v. United States, 328 F.3d 132, 137 (4th Cir. 2003). While this court expresses no opinion as to whether the district court's application of the crime-fraud exception based on a violation of § 7206(1) was an abuse of discretion, we find that the totality of the evidence supports the application of the crime-fraud exception based on a violation of 18 U.S.C. § 371 as was argued by the Government below.

10

IV.

A.  PRIMA FACIE SHOWING OF VIOLATION OF 18 U.S.C. § 371

Counsel argues that the district court erred in holding that the Government established a prima facie case for a violation of § 7206(1) because line 22 did not require the Corporation to disclose a relationship with a donee when the donee was a company and not an individual. Title 18, United States Code, Section 371, however, makes it a crime to engage in a conspiracy to commit any offense against the United States or to defraud the United States. The elements of a prima facie case for a conspiracy to defraud the United States under 18 U.S.C. § 371 are: (1) an agreement to accomplish an illegal objective against the United States, (2) one or more overt acts in furtherance of the illegal purpose, and (3) intent to commit the substantive offense, i.e., to defraud the United States. United States v. Douglas, 398 F.3d 407, 413 (6th Cir. 2005).

In its *ex parte* submission, the Government has provided the court with prima facie evidence that the Corporation, its principals and the Isle of Man Entity had an agreement to defraud the United States Government in contravention of § 371. The Government's submission provides prima facie evidence that the Corporation and the Isle of Man Entity entered an agreement to defraud the United States both by concealing the ultimate

11

disposition of the Corporation's funds through the transfer of assets overseas and by using the Corporation's tax-exempt status to circumvent the collection of taxes on the profits of individuals. Such a purpose falls directly within the confines of § 371.  The transfer of $22,523,478 to the Isle of Man Entity would be an overt act in furtherance of this purpose.

B.  CLOSE RELATIONSHIP BETWEEN THE COMMUNICATIONS AND ALLEGED § 371 VIOLATION

Counsel also argues that the district court erred in finding that the withheld documents bore the requisite close relationship to the allegedly false statements on the Corporation's tax returns.  The crime-fraud exception is limited to those communications and documents in furtherance of future or ongoing criminal or fraudulent conduct. In re Grand Jury Subpoena, 419 F.3d at 343.  Therefore, a party seeking access to materials via the crime-fraud exception must demonstrate a close relationship between the desired materials and an alleged criminal or fraudulent conduct. In re Grand Jury Proceedings # 5, 401 F.3d at 251. However, in making the close relationship determination, courts must take into account that the party invoking the crime-fraud exception, here the Government, does not know exactly what the material will show.

12

See In re Grand Jury Investigation, 842 F.2d 1223, 1227 (11th Cir. 1987). Courts can base a finding of the requisite close relationship on an examination of an *in camera* submission of evidence by the party invoking the exception so long as the court has some evidence of the contents of the withheld material. See In re Grand Jury Proceedings, 33 F.3d at 351; cf. In re Grand Jury Proceedings # 5, 401 F.3d at 255.

In making this finding we review both the Government's *ex parte* submission of evidence and Counsel's privilege log, which references documents from as early as 1986. The Government's evidence indicates that the Corporation's scheme to defraud the United States dates back as far as 1984 and that the Corporation sought Counsel's legal advice for the sole purpose of facilitating its scheme to defraud the United States. Therefore, all of the withheld documents bear the requisite close relationship to the alleged violation of § 371 because they were in furtherance of the alleged scheme. We conclude that the Government has made a prima facie showing that there is a close relationship between the withheld documents and the alleged violation of § 371.

## C. CONCLUSION

Based on the forgoing analysis, we find that all of the documents in Counsel's privilege log fall within the crime-fraud exception to the attorney-client privilege. It follows that Counsel must produce these documents to the Government pursuant to the grand jury subpoena.

Because we find that the crime-fraud exception vitiates the privileged status of these documents, we do not reach the issues of whether the attorney-client privilege applies to dissolved corporations or whether the attorney-client privilege was waived by the Corporation in this case.

## V.

For the foregoing reasons, we affirm, on alternate grounds, the district court's order granting the Government's motion to compel.

AFFIRMED