<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 15-4080**

———————————

In Re:  GRAND JURY SUBPOENA

--------------------------

UNDER SEAL 1; UNDER SEAL 2,

              Intervenors - Appellants,

        v.

UNITED STATES OF AMERICA,

              Respondent - Appellee.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:13-mc-00107-MOC-DCK-1)

———————————

Argued:  October 27, 2015              Decided:  March 23, 2016

———————————

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

———————————

Affirmed by unpublished opinion.  Judge Wynn wrote the opinion, in which Judge Keenan and Judge Diaz joined.

———————————

**ARGUED**: Jeffrey Bryan Wall, SULLIVAN & CROMWELL LLP, Washington, D.C., for Intervenors-Appellants.  Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Respondent-Appellee.  **ON BRIEF**: Steven R. Peikin, Beth D. Newton, SULLIVAN & CROMWELL LLP, New York, New York; Jack M. Knight, Jr., Phoebe N. Coddington, WINSTON & STRAWN LLP, Charlotte, North Carolina; Michael S. Schachter, Alexander L.

Cheney, Nicholas W. Chiuchiolo, WILLKIE FARR & GALLAGHER LLP, New York, New York; Brian S. Cromwell, Sarah F. Hutchins, PARKER POE ADAMS & BERSTEIN LLP, Charlotte, North Carolina, for Intervenors-Appellants. Jill Westmoreland Rose, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Respondent-Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

WYNN, Circuit Judge:

In this white-collar criminal matter, a federal grand jury has been investigating whether commodities traders engaged in misconduct. At the heart of this appeal is whether evidence that the grand jury sought and that otherwise might be privileged is nonetheless discoverable because the crime-fraud exception to the attorney-client privilege applies.

Grand jury investigations are confidential, and we are thus barred from including here much detail. But just because we may not write about particulars does not mean that we either lack them or have failed to consider them. On the contrary, we have reviewed this matter thoroughly and conclude that the district court did not clearly abuse its discretion in holding that the government successfully made a prima facie showing that evidence that might otherwise have been shielded from discovery enjoys no such protection due to the crime-fraud exception. Accordingly, we affirm.

I.

Two traders who are the subject of a grand jury investigation ("Traders") worked for a bank executing block futures trades for large investors. In 2010, a private regulatory body inquired into various trades, investigating potential front-running, i.e., misusing material information

3

about impending trades for personal gain. See United States v. Mahaffy, 693 F.3d 113, 120 (2d Cir. 2012).

In November 2010, the regulator sought to interview the Traders and others in connection with the suspicious activity. The bank that employed the Traders engaged an attorney ("Lawyer") to represent the Traders and the bank vis-à-vis the regulator. Lawyer met the Traders individually and collectively and then participated in the interviews.

In December 2010, Lawyer followed up with the regulator by written submission. The written submission, for which the Traders' feedback was sought, asserted legal and factual defenses of the suspect trades. The submission asserted, for example, that the Traders "flatly denied having entered proprietary orders in advance of and with knowledge of any customer block order" and noted that "each trader gave clear, consistent and undeniable explanations of why such trading was not even feasible."

At a later point in time, the government began investigating the Traders' suspicious trading activity. And in July 2013, a federal grand jury looking into whether any crimes had been committed issued a subpoena to Lawyer, seeking documents relating to Lawyer's representation of the Traders, especially regarding the November 2010 interviews and the December 2010 written submission to the regulator. While

4

others, including the bank, waived any applicable attorney-client privilege, the two Traders did not. They therefore intervened and sought, along with Lawyer, to quash the grand jury's subpoena.

A magistrate judge denied the motions to quash. But the district court remanded the matter to the magistrate for an in camera review. Upon review, the magistrate judge yet again denied the motions. And the second time around, the district court agreed. The district court held, among other things, that the crime-fraud exception applied here, where the Traders' communications with Lawyer were made "precisely to further the Traders' criminal scheme" of misusing information about impending trades for personal gain. The Traders appealed to this Court.

## II.

As an initial matter, we briefly address our subject matter jurisdiction over this appeal. Generally, "a district court's order enforcing a discovery request is not a 'final order' subject to appellate review." Church of Scientology v. United States, 506 U.S. 9, 18 n.11 (1992). In Perlman v. United States, however, the Supreme Court made clear that courts may review immediately a discovery order directing a third party to produce exhibits that were the property of an appellant who claims immunity or privilege. 247 U.S. 7, 12-13 (1918). And in

5

<u>United States v. Jones</u>, this Court, relying on <u>Perlman</u>, held that an order denying the motion of clients, who were targets of a grand jury investigation, to quash grand jury subpoenas issued to their attorneys, was immediately appealable. 696 F.2d 1069, 1071 (4th Cir. 1982). Based on <u>Perlman</u> and <u>Jones</u>, we have jurisdiction to review the ruling regarding the grand jury subpoena at issue here.

## III.

On appeal, the Traders challenge the district court's determination that the crime-fraud exception to the attorney-client privilege applied and that the privilege thus provided no basis for shielding the subpoenaed documents and testimony from the grand jury.[1] Our review is a deferential one: A district court's determination that the government made a prima facie showing that the crime-fraud exception applies "should be upheld 'absent a clear showing of abuse of discretion.'" <u>In re Grand Jury Proceedings #5 Empanelled Jan. 28, 2004</u>, 401 F.3d 247, 254 (4th Cir. 2005) (quoting <u>In re Grand Jury Subpoena</u>, 884 F.2d 124, 127 (4th Cir. 1989)).

---

[1] The work-product privilege is not an issue on appeal. We therefore do not address it.

6

A.

The attorney-client privilege protects confidential communications between clients and their counsel. "Its purpose is to encourage full and frank communication . . . and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." Upjohn Co. v. United States, 449 U.S. 383, 389 (1981).

However, the privilege's justifications "cease as the line is crossed from legal advice given on how one may conform one's actions to the requirements of the law . . . into the domain of contemplated or actual illegal prospective or on-going action." Edna Selan Epstein, The Attorney-Client Privilege and the Work-Product Doctrine Vol. 1, at 675 (5th ed. 2007). Accordingly, the attorney-client privilege is "lost . . . when a client gives information to the attorneys for the purpose of committing or furthering a crime or fraud." In re Grand Jury Proceedings, 102 F.3d 748, 750-51 (4th Cir. 1996).

To overcome the attorney-client privilege and "secure [sought] evidence," Union Camp Corp. v. Lewis, 385 F.2d 143, 145 (4th Cir. 1967), the government must convince the court: (1) that "the client was engaged in or planning a criminal or

7

fraudulent scheme when he sought the advice of counsel," and (2) that the attorney's assistance was obtained in furtherance of the crime or fraud or was closely related to it. In re Grand Jury Proceedings #5 Empanelled Jan. 28, 2004, 401 F.3d at 251. The government need not "prove the crime or fraud" at the grand jury stage, nor is the government required to make its showing even by a preponderance of the evidence. Id. (quotation marks and citation omitted). Instead, only a prima facie showing must be made—i.e., "the proof 'must be such as to subject the opposing party to the risk of non-persuasion if the evidence as to the disputed fact is left unrebutted.'" Id. (quoting Duplan Corp. v. Deering Milliken, Inc., 540 F.2d 1215, 1220 (4th Cir. 1976)).

Our recitation of the burden, especially our use of the word "rebut," (incorrectly) suggests "that the party asserting the privilege may respond with evidence to explain why the vitiating party's evidence is not persuasive." In re Grand Jury Proceedings, Thursday Special Grand Jury Sept. Term, 1991, 33 F.3d 342, 352 (4th Cir. 1994). But grand jury proceedings are closed and secret. Fed. R. Crim. P. 6. And we have long held that not only facts supporting the crime-fraud exception, but even the nature of the alleged crime or fraud itself, may be presented ex parte and held in confidence. In re Grand Jury Proceedings, Thursday Special Grand Jury Sept. Term, 1991, 33

8

F.3d at 352-53 (citing In re Grand Jury Subpoena, 884 F.2d 124). The party asserting privilege may thus be forced to make a best guess as to the crime and evidence it must counter. Id.

The second crime-fraud prong, whether the attorney's assistance was obtained in furtherance of the crime or fraud, "may be satisfied with a showing of a close relationship between the attorney-client communications and the possible criminal or fraudulent activity." In re Grand Jury Proceedings #5 Empanelled Jan. 28, 2004, 401 F.3d at 251. Further, "it is the client's knowledge and intentions that are of paramount concern" in our analysis; the attorney need not be aware of any illegality. Id.

Notably, communications "made with the intention of covering up the crime/fraud" can qualify under the second crime-fraud prong and "will not be privileged." Epstein, The Attorney-Client Privilege and the Work-Product Doctrine Vol. 1, at 684. In such cases, "the concealment or cover-up of its criminal or fraudulent activities by the client, the holder of the privilege . . . controls the court's analysis of whether the attorney-client privilege may be successfully invoked." In re Grand Jury Proceedings, 102 F.3d at 751.

In In re Grand Jury Proceedings, for example, "a question arose as to whether two lawyers, . . . at the request of the Bank, and acting innocently, gave somewhat false information

9

which might serve to cover up the Bank's crime or fraud activity." Id. at 750. The grand jury thus sought the attorneys' documents and testimony. Id. This Court noted that "the concealment or cover-up of its criminal or fraudulent activities by the client, the holder of the privilege" controls the crime-fraud analysis. Id. at 751. And the Court was "satisfied" that the district court's finding of a prima facie case was adequately supported where "the attorneys, unknowingly, furthered the Bank's alleged fraud by referencing in various documents," including in submissions to government regulators, fraudulent information. Id. at 751-52.[2]

Ultimately, "the determination of whether a privilege applies [is] reserved for the trial judge." In re Grand Jury Subpoena, 884 F.2d at 127. The trial judge engages in the two-pronged crime-fraud analysis in the first instance. And in reviewing its determination, we are mindful of the Supreme Court's warning that "[a]ny holding that would saddle a grand jury [proceeding] with minitrials and preliminary showings would assuredly impede its investigation and frustrate the public's

---

[2] This Circuit is not alone in holding that communications aimed at concealing a criminal or fraudulent scheme obliterate the privilege. See, e.g., In re John Doe Corp., 675 F.2d 482 (2d Cir. 1982) (holding that internal investigation intended to persuade third parties that no irregularity had occurred was part of cover-up and thus upended any privilege).

interest in fair and expeditious administration of the criminal laws." United States v. Dionisio, 410 U.S. 1, 17 (1973). Not least for this reason, we uphold such determinations "absent a clear showing of abuse of discretion." In re Grand Jury Subpoena, 884 F.2d at 127.

B.

With this framework in mind, we have reviewed the particulars of this case and determined that the district court did not clearly err in determining that the government successfully made a prima facie showing that the Traders engaged in a criminal or fraudulent scheme of misusing information about impending trades for personal gain. The district court's determination that the Traders intended to avoid detection and continue their scheme in communicating with Lawyer, not least by having Lawyer misrepresent their activities to the regulator, is likewise supported by the record.

The Traders repeatedly argue that nothing "in the record" supports the district court's determination here. Appellants' Br. at 43. The Traders claim, for example, that "the Government lacks evidence" to support the crime-fraud exception and thus attempts to "fall[] back on the communications themselves" to make the necessary showing. Id. at 47. But the Traders, who were, by definition, excluded from the grand jury proceedings and thus not privy to what evidence or theories the complete

11

record contains, <u>see</u> Fed. R. Crim. P. 6, are tilting at windmills.

We, by contrast, have the full record, and we have reviewed it thoroughly. And on that basis, we conclude that the Traders have failed to make "a clear showing of abuse of discretion." <u>In re Grand Jury Subpoena</u>, 884 F.2d at 127. The district court's determination that the government made a showing sufficient to support the crime-fraud exception must therefore be upheld. <u>See</u> <u>id.</u> And because the exception annihilated any privilege inhering in the Traders' communications with Lawyer, we need not address the Traders' challenge to the district court's ruling that some of the documents responsive to the grand jury's subpoena were not privileged because they were intended to be disclosed to third parties.

IV.

For the reasons discussed above, the district court's ruling is

<u>AFFIRMED</u>.