**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David Bryant WICKS, Jr., a/k/a David Bryant Jones, Defendant–Appellant.**

**No. 97–4442.**

United States Court of Appeals,
Fourth Circuit.

Argued May 3, 1999.

Decided Aug. 5, 1999.

**ARGUED:** W. Gaston Fairey, Fairey, Parise & Mills, P.A., Columbia, South Carolina, for Appellant. Eric William Ruschky, Assistant United States Attorney, Columbia, South Carolina, for Appellee. **ON BRIEF:** J. Rene Josey, United States Attorney, Columbia, South Carolina, for Appellee.

Before WILKINS, NIEMEYER, and TRAXLER, Circuit Judges.

Affirmed by published opinion. Judge WILKINS wrote the opinion, in which Judge NIEMEYER and Judge TRAXLER joined.

## OPINION

WILKINS, Circuit Judge:

David Bryant Wicks, Jr. appeals his convictions for possessing forged securities, *see* 18 U.S.C.A. § 513(a) (West Supp.1999), arguing that his indictment was fatally defective because it failed to allege an essential element of a § 513(a) offense. We disagree and accordingly affirm Wicks' convictions.

### I.

On the morning of August 15, 1996, Wicks was stopped by a police officer for speeding in South Carolina and was arrested when he was unable to produce a valid driver's license. During a search incident to the arrest, Wicks attempted to eat a $3,000 draft drawn on a Comdata Corporation account and payable to David Bryant Jones, an alias used by Wicks. The draft was seized, and Wicks subsequently confessed to passing approximately 40 checks drawn on a Comdata account that lacked sufficient funds. Thereafter, law enforcement personnel recovered one of the drafts, which Wicks had cashed at a South Carolina grocery store.

Wicks was indicted on two counts of possessing forged securities. *See id.* Prior to trial, Wicks objected to the indictment, arguing that it did not include all of the elements of a § 513(a) offense. Specifically, Wicks maintained that the indictment was defective because it did not allege that Comdata was an organization in or affecting interstate commerce. The district court declined Wicks' invitation to set aside the indictment, however, and Wicks was convicted of both counts.

### II.

An indictment meets the guarantees of the Fifth and Sixth Amendments "if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *see Russell v. United States,* 369 U.S. 749, 763–64, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). Generally, an indictment is sufficient if it alleges an offense in the words of the statute, assuming those words " 'fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence.' " *Hamling,* 418 U.S. at 117, 94 S.Ct. 2887 (quoting *United States v. Carll,* 105 U.S. 611, 612, 26 L.Ed. 1135 (1881)). It is well settled "that every ingredient of the crime must be charged in the [indictment], a general reference to the provisions of the statute being insufficient." *Hale v. United States,* 89 F.2d 578, 579 (4th Cir.1937); *see United States v. Pupo,* 841 F.2d 1235, 1239 (4th Cir.1988) (en banc); *United States v. Hooker,* 841 F.2d 1225, 1227–28 (4th Cir.1988) (en banc).

Wicks' indictment charged him with violations of 18 U.S.C.A. § 513(a); that section provides in pertinent part:

> [W]hoever makes, utters or possesses a forged security … of an organization, with intent to deceive another person, organization, or government shall be fined under this title or imprisoned for not more than ten years, or both.

18 U.S.C.A. § 513(a). Another portion of § 513 provides:

> [T]he term "organization" means a legal entity, other than a government, established or organized for any purpose, and includes a corporation, company, association, firm, partnership, joint stock company, foundation, institution, society, union, or any other association of persons *which operates in or the activities of which affect interstate or foreign commerce.*

18 U.S.C.A. § 513(c)(4) (West Supp.1999) (emphasis added).

Wicks' indictment charged:

> On or about August 15, 1996, in the District of South Carolina, DAVID

BRYANT WICKS, JR., ... with intent to deceive another person, did possess a forged security of an organization, that is, a check purporting to be a genuine check of Comdata Network, Inc., in the amount of $3,000.00.

J.A. 14.*

■■ The Government correctly acknowledges that the interstate commerce nexus is an essential element of a § 513(a) offense. *See generally Hoffman v. Hunt,* 126 F.3d 575, 583 (4th Cir.1997) (recognizing that our Constitution devised a federal government of limited and enumerated powers and that the Commerce Clause grants Congress the authority "'to prescribe the rule[s] by which commerce is to be governed'" (alteration in original) (quoting *Gibbons v. Ogden,* 22 U.S. (9 Wheat. 1), 196, 6 L.Ed. 23 (1824))), *cert. denied,* ——— U.S. ———, 118 S.Ct. 1838, 140 L.Ed.2d 1089 (1998). Further, the Government recognizes that Wicks' indictment did not directly allege a connection between Comdata and interstate commerce. The Government asserts, however, that the indictment nevertheless is sufficient. Relying on *Hamling,* the Government maintains that the indictment charges that Wicks possessed a forged security of "an organization" and that "organization" is a term of art defined by statute to mean an entity that operates in or affects interstate or foreign commerce. The use of this term of art, the Government contends, adequately charges the interstate commerce element.

We agree. In *Hamling,* the Supreme Court held that the use of the term of art "obscene" in an indictment charging a violation of 18 U.S.C. § 1461, a federal obscenity statute, was adequate without the necessity of setting forth the three factors adopted in *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). *See Hamling,* 418 U.S. at 118–19, 94 S.Ct. 2887. The Court reasoned that "obsceni-

ty" "is not merely a generic or descriptive term, but a legal term of art" and that because "[t]he legal definition of obscenity does not change with each indictment, ... the various component parts of the constitutional definition of obscenity need not be alleged in the indictment in order to establish its sufficiency." *Id.*

Here, the term "organization" is a term of art. *See Webster's Third New International Dictionary* 2359 (1981) (defining "term of art" to mean "a word or phrase having a specific signification in a particular art, craft, or department of knowledge: a technical term"). The legal definition of the term "organization" as defined in § 513 includes the interstate commerce requirement, and the component parts of the term "organization" therefore need not be alleged to render Wicks' indictment sufficient. *See Hamling,* 418 U.S. at 118–19, 94 S.Ct. 2887.

Our decision in *Hooker* does not dictate a contrary result. In *Hooker,* this court held that an indictment under 18 U.S:C.A. § 1962(c) (West 1984) that failed to allege that the RICO enterprise identified in the indictment affected interstate commerce was defective for failing to include the interstate commerce element of that offense despite the fact that the indictment stated that Hooker had committed the acts alleged in violation of § 1962(c). *See Hooker,* 841 F.2d at 1227–28. The court reasoned that reference to the statute could not remedy the fact that the indictment failed to charge all of the elements of the offense. *See id.* at 1228. Here, however, there is no need to rely upon the statutory citation to cure the failure to include an element of the offense. Because the term "organization" is a term of art that means an entity that operates in or affects interstate commerce, the interstate commerce element was charged adequately in the indictment through the use of the term "organization." Undoubtedly,

---

* The language set forth in text is from Count Two of the indictment and is identical in pertinent part to the language of Count One.

the term "enterprise" at issue in *Hooker* was a term of art carrying a specific legal meaning, but—of critical importance here—its legal meaning did not encompass the interstate commerce element that was found to be lacking. Thus, the rule of law that controls our decision today—that charging a legal term of art in an indictment sufficiently charges the component parts of the term—had no application in *Hooker*.

### III.

Accordingly, we affirm Wicks' convictions pursuant to 18 U.S.C.A. § 513(a).

*AFFIRMED*