UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 01-4668

ROBERT EARL MARSHALL,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-99-37, CA-01-129-3)

Submitted: January 30, 2002

Decided: February 12, 2002

Before MOTZ and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

David W. Lease, SMITH, LEASE & GOLDSTEIN, L.L.C., Rockville, Maryland, for Appellant. Paul J. McNulty, United States Attorney, Stephen W. Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Robert Earl Marshall appeals from his conviction and the sentence imposed by the district court after a jury trial for possession of crack cocaine in violation of 21 U.S.C.A. § 844 (West 1999), possession of a firearm by a convicted felon in violation of 18 U.S.C.A. § 922(g)(1) (West 2000), carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C.A. § 924(c) (West 2000), and aiding and abetting, in violation of 18 U.S.C.A. § 2 (West 2000). Finding no reversible error, we affirm.

On appeal, Marshall contends the district court erred in sentencing him to twenty-four months of imprisonment for possession of crack under 21 U.S.C.A. § 844(a). Because Marshall failed to raise this issue in the district court, this court's review is for plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993). We find no error.

Marshall next contends his indictment was fatally defective because the language in the indictment charging him with possession of a firearm during and in relation to a drug trafficking offense was ambiguous. Because Marshall failed to raise this argument in the district court, review is for plain error. *Olano*, 507 U.S. at 731-32. We find the indictment sufficiently contained the elements of the offense charged and fairly informed Marshall of the charge against which he was required to defend himself. Moreover, it sufficiently enables him to plead a conviction in bar of future prosecutions for the same offense. *See United States v. Wicks*, 187 F.3d 426, 427 (4th Cir. 1999) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). Thus, we find no error.

Marshall next contends the district court erred in denying his Fed. R. Crim. P. 29 motion for a judgment of acquittal due to insufficiency of the evidence. Viewing the evidence in the light most favorable to

the Government, we find a reasonable trier of fact could have found Marshall guilty beyond a reasonable doubt. *See Glasser v. United States*, 315 U.S. 60, 80 (1942).

Marshall next contends that allowing a prior conviction for a drug offense to be determinative of whether his possession of crack in violation of 21 U.S.C.A. § 844(a) qualifies as a drug trafficking crime under 18 U.S.C.A. § 924(c) is arbitrary and thus deprives him of the due process of law guaranteed by the Fifth Amendment, or at least that the rule of lenity should be invoked in construing § 844. We review for plain error, and finding none, affirm. *Olano*, 507 U.S. at 731-32.

Marshall next contends the district court constructively amended the indictment by giving the jury erroneous instructions. Again, because Marshall failed to raise this claim before the district court, we review for plain error. A review of the record and the instructions in question shows they did not broaden the possible bases for conviction beyond those presented by the grand jury. *See United States v. Floresca*, 38 F.3d 706, 710 (4th Cir. 1994). Thus, we find no error.

Finally, Marshall contends the district court lacked subject matter jurisdiction over his case because 18 U.S.C.A. § 922(g)(1) is unconstitutional inasmuch as Congress exceeded its authority under the Commerce Clause in enacting it. This court has explicitly upheld the constitutionality of the statute. *United States v. Gallimore*, 247 F.3d 134, 137-38 (4th Cir. 2001); *United States v. Wells*, 98 F.3d 808, 811 (4th Cir. 1996); *see also Chisolm v. TranSouth Fin. Corp.*, 95 F.3d 331, 337 n.7 (4th Cir. 1996) (noting the Court is bound by circuit precedent until it is either overruled en banc or superseded by a Supreme Court decision). Thus, we find this claim to be without merit.

Accordingly, we affirm Marshall's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*