**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4307**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

         v.

DONTE LAMAR WILLIAMS,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  Glen M. Williams, Senior District Judge.  (1:06-cr-00042-gmw)

Submitted:  April 9, 2008                    Decided:  May 2, 2008

Before NIEMEYER and SHEDD, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis Dene, DENE & DENE, P.C., Abingdon, Virginia, for Appellant. John L. Brownlee, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donte Lamar Williams appeals his convictions and 120-month sentence for possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2007) (Count One), possession of a firearm while being a user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3) (2000) (Count Three), and possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 1999 & Supp. 2007) (Count Five). Williams' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal, but asks this court to review whether Williams was erroneously charged and convicted. Williams was given an opportunity to file a pro se supplemental brief, but has not done so. Upon review of this case, we asked the Government to address whether the district court's instructions to the jury constituted a constructive amendment of Count One of the indictment.[1] Upon consideration of the Government's brief and the

---

[1] A constructive amendment of an indictment occurs when either the Government or the court expands the "possible bases for conviction beyond those presented by the grand jury." United States v. Floresca, 38 F.3d 706, 710 (4th Cir. 1994). While Williams failed to raise any objection to the district court's instructions and does not address this matter on appeal, constructive amendment of a federal indictment constitutes error per se, and, under United States v. Olano, 507 U.S. 725 (1993), must be corrected on appeal even when not preserved by objection. See Floresca, 38 F.3d at 714.

record in this case, we find no error and affirm Williams' convictions and sentence.

Under Count One of the indictment, the Government was required to prove Williams used or carried a firearm during and in relation to a drug trafficking crime or possessed a firearm in furtherance of a drug trafficking crime. See United States v. Lipford, 203 F.3d 259, 265-66 (4th Cir. 2000). Proof of the underlying crime is necessary to convict under § 924(c). United States v. Hopkins, 310 F.3d 145, 153 (4th Cir. 2002). In this case, the indictment identified the predicate drug trafficking crime as "conspiring to distribute and possession with the intent to distribute a substance containing cocaine base." This language bears some similarity to the conspiracy charge under Count Four of the indictment, which charged Williams with conspiracy to "distribute and possess with intent to distribute" five grams or more of cocaine base, in violation of 21 U.S.C.A. §§ 841(b)(1)(B), 846 (West 1999 & Supp. 2007). However, at the close of the Government's evidence, the district court dismissed Count Four due to insufficient evidence of a conspiracy. The district court subsequently instructed the jury that to convict Williams of violating § 924(c), the Government was required to prove that Williams "possessed cocaine base with the intent to distribute," and that during and in relation to that crime, he used or carried

a firearm. The district court further identified Count Five as a drug trafficking crime for purposes of § 924(c).

If Count Four was the only offense specified as the predicate drug trafficking crime for purposes of Count One, the district court's dismissal of that count and subsequent identification of Count Five as the predicate crime would constitute a fatal variance of the indictment. See United States v. Schnabel, 939 F.2d 197, 203 (4th Cir. 1991) (fatal variance "change[s] the elements of the offense charged, such that the defendant is actually convicted of a crime other than that charged in the indictment.").[2] In the indictment, however, the use of the term "possession" rather than "possess" indicates that Count One charged two predicate crimes, both the conspiracy charge of Count Four and the possession charge of Count Five. While the phrasing employed in the indictment is not a model of clarity, it was nonetheless sufficient to put Williams on notice that two predicate offenses were being alleged in regard to the § 924(c) charge. See United States v. Williams, 152 F.3d 294, 298 (4th Cir. 1998) (court liberally construes indictment if claim is raised for

---

[2]The Government is under no obligation to specify the predicate offense for purposes of a § 924(c) charge; however, when it chooses to do so, "it [is] not allowed through the presentation of its evidence or its argument, and the district court [is] not allowed through its jury instructions, to broaden the bases of conviction to include [a] different § 924(c) predicate offense . . . ." United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999).

the first time on appeal). Therefore, because the § 924(c) charge listed both Count Four and Count Five as predicate offenses, we find that no fatal variance occurred.

In Williams' <u>Anders</u> brief, counsel asks this court to review whether Williams was erroneously charged or convicted, but concedes that the indictment sufficiently appraised Williams of the charges against him and that his conviction and sentence were supported by the evidence. The record reveals that the indictment alleged each material element of the offenses charged and fairly informed Williams of the charges against him. <u>See</u> <u>United States v. Wicks</u>, 187 F.3d 426, 427 (4th Cir. 1999). Furthermore, there was sufficient evidence to uphold Williams' convictions for possession of a firearm during a drug trafficking crime, possession of a firearm while being an unlawful user of controlled substances, and possession with intent to distribute more than five grams of cocaine. Finally, Williams raised no objections at sentencing and received the minimum sentence required by statute. Therefore, we conclude there was no error in regard to Williams' convictions or sentence.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Williams' convictions and sentence. This court requires counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.

- 5 -

If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED