**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 10-4046**

─────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

BRIAN LEE FOSTER,

                    Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.   Louise W. Flanagan,
Chief District Judge. (5:08-cr-00087-FL-1)

─────────

Submitted:  December 7, 2010       Decided:  December 28, 2010

─────────

Before WILKINSON, AGEE, and DAVIS, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Sue Genrich Berry, BOWEN AND BERRY, PLLC, Wilmington, North
Carolina, for Appellant. George E. B. Holding, United States
Attorney, Jennifer P. May-Parker, Eric D. Goulian, Assistant
United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Brian Lee Foster of conspiracy to possess with intent to distribute and distribute cocaine, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Foster to 324 months of imprisonment and he now appeals. Finding no error, we affirm.

Foster first challenges the district court's denial of his motion to dismiss the indictment as unconstitutionally vague. However, Foster failed to file objections to the magistrate judge's report after receiving proper notice of the requirement to file objections, and has therefore waived appellate review of this issue. See Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); see also Thomas v. Arn, 474 U.S. 140 (1985); Fed. R. Crim. P. 59(a).

Moreover, Foster's claim fails on the merits. We review the denial of a motion to dismiss an indictment de novo. United States v. Loayza, 107 F.3d 257, 260 (4th Cir. 1997). Fed. R. Crim. P. 7(c)(1) requires an indictment to be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." "In order to be legally sufficient, an indictment must contain the elements of the offense charged, fairly inform a defendant of the charge, and enable the defendant to plead double jeopardy as a defense in a future prosecution for the same offense." Id. (internal

2

quotation marks and citation omitted). An indictment is generally sufficient if it alleges an offense "in the words of the statute." United States v. Wicks, 187 F.3d 426, 427 (4th Cir. 1999) (citing Hamling v. United States, 418 U.S. 87, 117 (1974)). Here, the subject indictment tracked the statutory language, cited the charging statute, and listed the elements of the charge. We therefore find that the indictment was sufficient.

Foster next argues that the district court abused its discretion in denying his motion to transfer venue. This court reviews a district court's denial of a motion to transfer venue for abuse of discretion. See United States v. Heaps, 39 F.3d 479, 482 (4th Cir. 1994), abrogated on other grounds, United States v. Cabrales, 524 U.S. 1 (1998). Fed. R. Crim. P. 21(b) provides that the court may transfer a proceeding, upon the defendant's motion, to another district "for the convenience of the parties and witnesses and in the interests of justice."

In deciding such a motion, the district court should consider the (a) location of the defendant; (b) location of the possible witnesses; (c) location of the events likely to be at issue; (d) location of relevant documents and records; (e) potential for disruption of the defendant's businesses if transfer is denied; (f) expenses to be incurred by the parties if transfer is denied; (g) location of defense counsel;

(h) relative accessibility of the place of trial; and (i) docket conditions of each potential district. Platt v. Minn. Mining & Mfg. Co., 376 U.S. 240, 243-44 (1964). No one of these considerations is dispositive, and "[i]t remains for the court to try to strike a balance and determine which factors are of greatest importance." United States v. Stephenson, 895 F.2d 867, 875 (2d Cir. 1990). We have thoroughly reviewed the record and conclude that the court did not abuse its discretion in denying Foster's motion to transfer venue.

Finally, Foster challenges the district court's application of an enhancement under the sentencing guidelines for possession of a firearm. Whether the district court properly applied an enhancement under the guidelines is reviewed for clear error. United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001). We will "find clear error only if, on the entire evidence, [we are] left with the definite and firm conviction that a mistake has been committed." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks and citation omitted).

Under the guidelines, a district court must increase a defendant's offense level by two levels if the defendant possessed a dangerous weapon, including a firearm. U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(1) (2009). The enhancement is proper when "the weapon was possessed in

4

connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction." Manigan, 592 F.3d at 628-29 (internal quotation marks omitted). Moreover, "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." McAllister, 272 F.3d at 234 (citing USSG § 2D1.1(b)(1) cmt. n.3).

"In assessing whether a defendant possessed a firearm in connection with relevant drug activity, a sentencing court is entitled to consider . . . the type of firearm involved." Manigan, 592 F.3d at 629 (citation omitted). In addition, the court should consider "the location or proximity of a seized firearm" in determining whether it was possessed in connection with drug activity. Id. The government bears the burden of demonstrating that the enhancement applies by a preponderance of the evidence. Id. at 630-31. "[T]he burden of showing something by a preponderance of the evidence . . . simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." Id. at 631 (internal quotation marks and citation omitted).

We have reviewed the record and conclude that the district court did not commit clear error in finding it was not clearly improbable that the weapon was connected with the offense. Accordingly, we affirm the judgment of the district

5

court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

                                                      AFFIRMED